MANCHESTER GARDENS CORPORATION v.
TOWN OF MANCHESTER

SUPERIOR COURT HARTFORD COUNTY FILE No. 74328

Memorandum filed July 11, 1946.

*Jay E. Rubinow,* of Manchester, for the Plaintiff.

*William S. Hyde,* of Manchester, for the Defendant.

DALY, J.  The defendant, a municipal corporation, owns and operates a water supply system in the town of Manchester. The plaintiff is the owner of several buildings in Manchester and the water for them is supplied by the defendant.  On or before May 28, 1943, the plaintiff, acting through its architect, requested the defendant, by a letter and an accompanying cellar plan, that several meters be installed in its development at the locations indicated by the plaintiff.  The defendant has charged the plaintiff for the water furnished as shown by each of the meters and in determining the rate or rates applicable the plaintiff has not been charged as if all the water furnished to it had been done so under one meter

In paragraph 9 of the complaint it is alleged that for the convenience and use of both parties in determing the quantity of water furnished several separate meters have been established.  In paragraph 10 it is alleged that the plaintiff has often requested the defendant to charge for the water used as if all the water used had been supplied through a single meter but that the defendant has refused to so charge for the water used. In paragraph 11 it is alleged that the defendant, in making its charges to another customer in the town of Manchester, under circumstances similar to those under which the plaintiff operates, has installed only one meter for all the water supplied to a number of buildings owned by such other owner.  The other owner referred to is an agency of the United States.  During the trial counsel for the plaintiff asked a representative of the defendant if the plaintiff had not since the installation of the separate meters requested the defendant to install one meter and the defendant's agent answered that such a request had been made.

A reading of the amount of water used and the application of the rates of the defendant would result in a smaller charge if a single meter were used rather than the several meters.

The plaintiff claims:

(1) A declaratory judgment determining whether the defendant is acting illegally, arbitrarily, and in a discriminatory manner in refusing to permit the plaintiff, at its expense, to remove all meters except one, which will meter the total quantity of water used on the premises, and in refusing to determine its charges on the basis of the reading of that one meter.

(2) A declaratory judgment determining whether the plaintiff may be required by the defendant to keep more than one meter for each service pipe from the water main to the curb line, if such meters are read separately and charges are made on the basis of each individual meter reading.

(3) A declaratory judgment determining whether the plaintiff may, at its own expense, legally remove all meters except one meter for each service pipe from the water main to the curb line.

(4) A declaratory judgment determining whether the defendant is under a legal obligation to charge the plaintiff at a rate determined by applying the defendant's scale of prices to the total quantity of water used by the said buildings, upon the plaintiff's premises, as if the aforesaid water had passed through a single meter.

(5) If the court shall determine that the plaintiff may legally remove all meters but one, which will meter the entire quantity of water used on the premises, an injunction restraining the defendant from interfering with such removal and an injunction restraining the defendant from shutting off the supply of water to the plaintiff in the event of such removal.

(6) If the court shall determine that the plaintiff may not be required to keep more than one meter for each service pipe from the water main to the curb line, an injunction restraining the defendant from interfering with the removal by the plaintiff, at the plaintiff's expense, of all meters except one meter for each service pipe to the curb line, and from shutting off the supply of water to the plaintiff in the event of such removal.

(7) If the court shall determine that the defendant is under a legal obligation to charge the plaintiff for the total quantity of water used, by the said buildings upon the plaintiff's premises, as if the aforesaid water had passed through a single meter, an injunction ordering the defendant so to charge the plaintiff.

(8) Any other relief to which the plaintiff may be entitled.

Any judgment rendered in this action must be rendered upon the complaint. As indicated above, the several meters were installed as requested. The defendant does not make charges to another consumer under circumstance similar to those under which the plaintiff operates. The evidence indicates that the other—the federal—housing project is, at least partially, only temporary and that the project of the plaintiff is a permanent one.

Upon the evidence I must find that the allegations of paragraph 11 are true. However, the officers and agents of the defendant, in acting as they have, have done so in good faith. They have believed that the other customer, and agent of the United States, under all the circumstances was entitled to such benefits as it has had.

A declaratory judgment may enter determining that the defendant is acting illegally, arbitrarily, and in a discriminatory manner in refusing to permit the plaintiff, at its expense, to remove all meters except one, which will meter the total quantity of water used on the premises, and in refusing to determine its charges on the basis of the reading of that one meter.

And determining that the plaintiff may not be required by the defendant to keep more than one meter for each service pipe from the water main to the curb line, if such meters are read separately and charges are made on the basis of each individual meter reading.

The questions requested to be determined in the plaintiff's claims for relief (3) and (4) are not within the issues presented by the pleadings.

The injunctive relief asked for in subsections (5), (6) and (7) of the plaintiff's claims for relief, is not granted at this time as the same does not appear necessary. If within one month from the date of the filing of this memorandum the de-

fendant has not corrected the situation in accordance with the conclusions reached herein, then upon the filing and presentation of a proper application, the question of relief by injunction will be taken up.